GARRETT *et al.* v. WALCOTT *et al.*

No. 785.   Opinion Filed January 12, 1910.

(106 Pac. 848.)

1.     INDIANS — Allotment of Land — Equity Jurisdiction of State Courts.   Courts of equity have jurisdiction. after the Commission to the Five Civilized Tribes and the Secretary of the Interior have exercised their power and exhausted their jurisdiction, to determine whether by error of law, or through fraud or gross mistake, the Commission and the Secretary have failed to allot land in the Creek Nation to the citizen who. under the law and treaties, was entitled to same, and have assigned it to one who had an inferior right thereto. If the Commission and the Secretary have been induced to cause to be issued a patent to the wrong party by an erroneous view of the law, or by a gross or fraudulent mistake of the facts,the rightful claimant may cause such decision to be avoided, and charge the legal title to the

lands in the hands of the allottee with his equitable right to it upon the ground that. upon the facts found, conceded, or established without dispute at the hearing before this special tribunal, its officers fell into error as to the law applicable to the case, which caused them to refuse to have issued the patent to him and give it to another, or through fraud or gross mistake it fell into a misapprehension of the facts proved before it, which had a like effect.

2. **SAME—Laches.** The citizen being entitled by virtue of his improvements to take such land as his allotment or that of his minor children, although having failed with knowledge of the facts to exhaust all legal remedies appellate, afforded him before the Commission to the Five Civilized Tribes and the Secretary of the Interior, having acted in good faith and there having been no unreasonable delay in invoking the powers of equity for redress, otherwise being entitled to relief, the same will be afforded him.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; W. R. Lawrence, Judge.*

Action by Alfred Garrett and others against Lula Walcott and others. Judgment for defendants, and plaintiffs appeal. Reversed for new trial.

This action was instituted by Alfred T. Garrett, Cyril C. Garrett, and Edna M. Garrett, minors, by their father and next friend, Charles W. Garrett, the appellants, as plaintiffs, in the lower court against the appellees, Lulu Walcott and 'J. Blair Shoenfelt, United States Indian Agent, as defendants, alleging that all the parties thereto, except the Indian agent, are members of the Creek Tribe of Indians, duly enrolled and recognized as such; that the defendant J. Blair Shoenfelt was the United States Indian agent for the Union Agency, located at Muskogee, Ind. T.; that the plaintiffs are the owners of the improvements located on a certain tract of land in the Creek Nation near Muskogee; that the father of the plaintiffs, who was a member of the Creek Tribe of Indians, had been in possession of said land prior to the opening of the Creek land office at Muskogee on April 1, A. D. 1899, and had expended thereon large sums of money in purchasing and improving said land and the right of

possession thereof; that neither of said plaintiffs nor their father have at any time held land in the Creek Nation in excess of their proportionate share of the lands of said nation as citizens thereof; that on April 1, A. D. 1899, when the said Creek land office was opened at Muskogee, the father of said plaintiffs made application to the Commission to the Five Civilized Tribes to file on the land held by him for himself and his minor children, but that he was requested by the clerk in charge of said land office to defer his filing until a later date, in order that these citizens of the Creek Nation who lived at a greater distance from Muskogee than he did might file and return to their homes, and that he acceded to said request, but that on the 4th day of April, A. D. 1899, the said Commission permitted the defendant Lulu Walcott, who at that time resided in the city of Muskogee, to file on all of said land as her allotment, at which time in support of her application to file on said land said defendant Lulu Walcott falsely and fraudulently stated to said Commission that she was the only citizen of the Creek Nation who owned any improvements on said land, and that said Commission then and there permitted said Lulu Walcott to select said land for her allotment, and issued to her a certificate showing such selection; that several months elapsed thereafter before the father of said plaintiffs learned that said land had been filed on by said defendant, and that, soon after receiving information of such filng, he on December 23, A. D. 1899, made application to have said land allotted to said plaintiffs Alfred T. Garrett and Cyril C. Garrett, they being at that time entitled to take all of said land as a part of their allottments, but that said application was denied by the Commission; that plaintiffs' father on May 21, 1900, filed with said Commission a petition asking leave to institute a contest on said filing of the defendant Lulu Walcott, in support of which he stated under oath to said Commission all of the facts herein alleged relative to his having held possession of said land for the allotments of his minor children; that thereupon said Commission fraudulently and in violation of law and of the rules of practice providing for the government of the Commission to the Five Civilized Tribes in the matter of selecting allotments by

Creek citizens; dismissed said petition, and denied permission for plaintiffs' father to institute said contest for them; that thereafter, the Commission to the Five Civilized Tribes and the Department of the Interior having decided that said Commission had been in error in holding that contests upon land rightfully in the possession of citizens had to be instituted within 90 days from the date the land was filed on by other citizens, and said decision having been brought to the attention of the father of plaintiffs, he on April 26, A. D. 1902, filed with said Commission a complaint in contest against the said filing of the defendant Lulu Walcott, but that said Commission refused to entertain said contest and dismissed the same without issuing summons thereon or permitting the father of plaintiffs to be heard in support of said complaint; that thereafter said Commission certified to the principal chief of the Creek Nation that said defendant Lulu Walcott was entitled to a deed to the land referred to, and that said principal chief issued a deed to said Lulu Walcott therefor, which said deed has been approved by the Secretary of the Interior and delivered to the defendant Lulu Walcott in fraud of the rights of the said plaintiffs; that said Lulu Walcott never placed any improvements on said land, and never had any right of possession thereof, and was not entitled to allot same, nor to a deed thereto, and that the issuance of said deed to her was in violation of law and a fraud upon the rights of said plaintiffs; that at various times after she filed on said land and after said filing became known to the father of plaintiffs, said Lulu Walcott stated to said father of said plaintiffs that her filing on said land had been inadvertently made and by mistake, and that she had not intended to file on any land in the possession of the father of said plaintiffs; that at various times said defendant Lulu Walcott offered to surrender said land, and asked to have her filing on same canceled by some Commission, and thus misled plaintiffs, in that they could not get other lands which they could have obtained at that time to file on; that subsequent to the time said defendant filed on said land the father of said plaintiffs selected certain small tracts of land in other locations for a

part of the allotments of said plaintiffs Alfred Garrett and Cyril C. Garrett, but that said plaintiff Alfred Garrett is now entitled to file on 70 acres of land, and said plaintiff Cyril C. Garrett is entitled to file on 27½ acres of land to complete their allotments, to which they are entitled under the law governing the allotment of the lands of the Creek Nation, and that the plaintiff Edna M. Garrett, is entitled to select 40 acres of land to complete her allotment of the lands of said nation; that the plaintiffs' father, Charles W. Garrett, is entitled to file on 5 acres of land to complete his allotment, and plaintiffs' sister, Letta Garrett, is entitled to 15 acres to complete her allotment; that the father of said plaintiffs has five children, all of whom are citizens of the Creek Nation and all minors, and that he has already filed on all of the land in the Creek Nation in his possession for himself and his children, except said tract of land in controversy herein, and that only one member of said family, to wit, William H. Garrett, has received his full allotment; that there is no other land in the possession of the father of said plaintiffs on which he can select the remainder of his own or his said children's allotments; that, owing to the fact that said defendant Lulu Walcott fraudulently misled plaintiffs' father by her repeated promise to release her filing on said land, it is now impossible for said plaintiffs to receive allotments of land at any place near their homes, and all of the desirable land of the Creek Nation which could have been selected by said plaintiffs has been taken by other citizens of said nation; that the United States Indian agent, J. Blair Shoenfelt, one of the defendants, is about to remove plaintiffs and their father from said land and turn over the possession thereof to the defendant Lulu Walcott, and deprive said plaintiffs and their father of said improvements; that, if the possession of said land should be delivered to the defendant Lulu Walcott, neither these plaintiffs nor their said father would have recourse whatever against said Lulu Walcott for the value of the improvements on said land, or for the use and occupancy thereof; that said Lulu Walcott is insolvent and wholly unable to respond in damages, and that the defendant J. Blair Shoenfelt would not be liable to the plaintiffs on

his official bond for any damages resulting from his actions in the premises; that plaintiffs have no remedy at law. Then follows a prayer that the defendant Lulu Walcott be decreed to hold said land in trust for said plaintiffs, and that her deed for same be canceled and held for naught; that the court enter a decree vesting the title to said land in the plaintiffs, and that the defendant Lulu Walcott be compelled by decree of the court to make a good and sufficient deed of conveyance to the plaintiffs, conveying all her right, title, and interest in and to said land to said plaintiffs; that the defendants J. Blair Shoenfelt and Lulu Walcott be enjoined and restrained from interfering with the plaintiffs' possession of said land pending the hearing of said case; and that upon a final hearing said injunction be made perpetual, etc. A temporary injunction issued as prayed for.

On the 14th day of January, A. D. 1904, the defendant Lulu Walcott answered to plaintiffs' complaint, denying substantially all of the allegations of said complaint, except the admission that on April 4, A. D. 1899, she had filed on said land, and that on the 23d day of December, A. D. 1899, the father of the plaintiffs had made application to said Commission for the land in controversy, which was denied. Defendant further admitted that the plaintiffs' father on May 21, A. D. 1900, filed with the Commission a petition to institute a contest on said filing of the defendant, which was denied, and a petition for rehearing on the same matter was also denied on April 26, A. D. 1902. Defendant alleged that said contest was carried by the father of said plaintiffs on appeal from the Commission to the Five Civilized Tribes to the Secretary of the Interior, which tribunals have entire and exclusive jurisdiction in such matters, and that the actions and findings therein were in all things affirmed by the Secretary of the Interior; that thereupon said Commission properly certified to the principal chief of the Creek Nation that said defendant was entitled to a deed for said land, which deed, duly executed and approved, has been delivered to said defendant. Defendant stated that during the time that said contest was pending before the Commission to the Five Civilized Tribes and the Interior Department there was ample land for selection of

allotments, that it is impossible now to select land suitable for an allotment for herself, and that the Commission to the Five Civlized Tribes had exclusive jurisdiction of the allotment of said lands, and their action in this matter cannot be controlled by this or any other court. The defendant admitted that the United States Indian Agent was about to remove the plaintiffs and their father from the land in controversy and turn over the possession thereof to said defendant, to which under the law she is entitled, and to which no other person has any equitable claim.

On the 14th day of January, A. D. 1904, said cause was by the court referred to the master in chancery to take evidence and report with conclusions, and on the 10th day of February, A. D. 1904, the report of the master in chancery was filed in said cause, that portion of which pertinent to the determination of this cause is in words and figures as follows: .

"From the pleadings in this cause, and the testimony of the said witnesses, I find the facts herein to be as follows:

"FINDING OF FACTS. .

"(1)   I find that the plaintiff Cyril C. Garrett is a minor aged 13 years, that the plaintiff Alfred T. Garrett is a minor aged 11 years, and that the plaintiff Edna M. Garrett is a minor aged 4 years, and that each plaintiff is a member of the Muskogee or Creek Tribe, or Nation of Indians in Indian Territory, residing in said nation, and bring this suit by Charles W. Garrett, their father and next friend, and that the said Charles W. Garrett is also a member and citizen of the said Creek, or Muskogee, Tribe or Nation of Indians, residing near Muskogee, in said nation.

"(2)   I find the facts alleged in plaintiffs' bill of complaint in this cause are sustained by the proof and true, and no attempt was made to dispute or controvert the same before me at the hearing, the defendant claiming that the action of the Department of the Interior was conclusive and final; but inasmuch as the court has already passed upon that proposition of law, in overruling the defendant's demurrer to the plaintiffs' bill of complaint, I recommend:

"Recommendations.

"That the court declare the defendant Lulu Walcott to hold the legal title to the lands described in plaintiffs' bill of complaint in trust for the plaintiffs; that plaintiff Alfred Garrett be allowed

to select seventy (70) acres, the plaintiff Cyril Garrett twenty-seven (27) acres, and the plaintiff Edna M. Garrett forty (40) acres, of the lands described in their bill of complaint herein, through their father and guardian, Charles W. Garrett, the balance of the lands due them upon their allotments in the Creek Nation, and that, after such selection is made, the defendant Lulu Walcott be ordered and directed to convey the same by a sufficient conveyance, and upon her failure to do so that a commissioner of this court be appointed to make such conveyance; that the temporary injunction be made perpetual; and that the defendant Lulu Walcott pay the costs of suit."

The evidence on the part of the plaintiffs before the master showed that, after the father ascertained that the defendant Lulu Walcott had filed on said land, at his instance she went with him before the Commission, and discussed having said filing released and canceled, she having repeatedly promised him after he discovered her filing on December 23, A. D. 1899, on his improvements, that she would release it. Further, there was introduced in evidence before said master the record in contest No. 216, which shows that on June 1, 1900, a hearing was had before the Commission upon his application filed on May 21, 1900, to contest and reply thereto, which was denied; that on June 7, 1900, a petition for appeal and specification of errors was filed in said cause, and on August 15, 1900, all original papers therein were forwarded to the Commissioner of Indian Affairs on appeal; that on August 25, 1900, the acting Commissioner of Indian Affairs rendered his decision in said cause (Land, 40, 579-1900) affirming the decision of the Commission, and on August 30, 1900, notice of such decision of the acting Commissioner of Indian Affairs and of the right of appeal therefrom within 10 days from said date was served on the attorneys of record for both parties, and that no appeal was prosecuted; that on March 1, 1902, the contestant filed with the Commission to the Five Civilized Tribes in said cause his petition for a rehearing before the Commissioner of Indian Affairs, and on March 10, 1902, the contestee filed a reply to said petition; that on March 20, 1902, said petition and reply were forwarded to the Commissioner of Indian Affairs, and on

March 27, 1902, the acting Commissioner of Indian Affairs rendered his decision (Land, 40 579-1900, 17, 174-1902) denying said petition for rehearing; that on April 3, 1902, notice of said decision of the acting Commissioner of Indian Affairs, together with a copy thereof, was served on the attorneys of record for both parties, and on April 25, 1902, no further appeal having been taken in said cause, same was closed by the Commission.

The defendants filed exceptions to the report of the master, which were sustained, and judgment rendered in their favor. An appeal was thereupon duly prosecuted to the United States Court of Appeals for the Indian Territory, and same is now properly before this court for consideration by virtue of the provisions of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267) and the Schedule to the Constitution.

*Gibson & Thurman* and *Raymond, Maxey & Runyan,* for appellants.—Citing: *Johnson v. Townsley,* 13 Wall. 72; *U. S. ex rel. v. Schurz,* 102 U. S. 402; *Slark v. Starr,* 73 U. S. 925; *Wilcox v. Jackson,* 13 Pet. 498; *In re Emblem,* 161 U. S. 52; *Rector v. Gibbons,* 111 U. S. 276; *McDavis v. Territory,* 1 Okla. 92; *Paine v. Foster,* 9 Okla. 213.

*Wm. T. Hutchings,* for appellees.—Citing: *Wallace v. Adams,* 143 Fed. 721; *Abraham v. Ordway,* 158 U. S. 416; *Southern Ry. Co. v. St. Paul Co.,* 55 Fed. 690; *Dickerman v. Burgess,* 20 Ill. 266; 18 A, & E. Enc. L. 100, 102.

WILLIAMS, J. (after stating the facts as above). It is insisted by the plaintiffs in error that on account of a misconstruction or erroneous view of the law, as applied to the proved or undisputed facts, the land in controversy upon which there were improvements entitling the plaintiffs to take their allotments embracing such lands was permitted to be filed upon by the defendant in error Lulu Walcott, and a patent was duly issued thereto in her name, and that a court of equity should inquire into the matter and correct mistakes, injustices, and wrongs done by the executive department of the government. It being specifically insisted

that by a misconstruction of the law, the plaintiffs in error, through their father, were not permitted by the Commission to the Five Civilized Tribes to institute a contest against the defendant in error Lulu Walcott, and they were thereby by said tribunal deprived of their right to allot the land embracing their improvements, as provided in Act Cong. June 28, 1898 (Act June 28, 1898, c. 517, § 29, 30 Stat. 507), and the Creek Agreement ratified by the council March 25, 1901, and approved by the federal government August 23, 1901.

In the case of *Wallace v. Adams,* 143 Fed. 721, 74 C. C. A. 540, Sanborn, Circuit Judge, speaking for the Eighth Circuit Court of Appeals, said:

"Nor did the grant to the Dawes Commission and to the Secretary of the Interior of exclusive jurisdiction to determine matters relating to the allotment of land and to issue certificates which are conclusive evidence of the right of the allottee to the land therein described, deprive these courts of their jurisdiction in equity, after the Commission and the Secretary have exercised this power and exhausted their jurisdiction to determine whether by error of law or through fraud or gross mistake, the Commission and the Secretary have failed to allot the land to the party who was under the law entitled to it and have assigned it to one who had no right to it. The jurisdiction of the Commission and of the Secretary and the effect of their action on the allotment of the lands of the Choctaw and Chickasaw Nations are the same in effect as the jurisdiction and effect of the action of the Land Department of the United States in the disposition of the public lands within its control. The Commission, under the direction of the Secretary, constitutes a special tribunal vested with the judicial power to hear and determine the claims of all parties to allotments of these lands and to execute its judgments by the issue of the allotment certificates which constitute conveyances of the right to the lands to the parties who it decides are entitled to the property. This tribunal undoubtedly has exclusive jurisdiction to determine such claims and to issue such a conveyance. The allotment certificate when issued, like a patent to land, is dual in its effect. It is an adjudication of the special tribunal, empowered to decide the question, that the party to whom it issues is entitled to the land, and it is a conveyance of the right to this title to the allottee. *U. S. v. Winona & St. Peter R. Co.,* 15 C. C. A. 96, 103,

67 Fed. 948, 955. Like a patent, it is impervious to collateral attack. But as in the case of a patent, if the Commission or the Secretary has been induced to issue the allotment certificate to the wrong party by an erroneous view of the law, or by a gross or fraudulent mistake of the facts, the rightful claimant is not remediless. He may avoid the decision and charge the legal title to the lands in the hands of the allottee, as he may that of the grant to a patentee, with his equitable right to it either on the ground that, upon the facts found, conceded, or established without dispute at the hearing before the special tribunal, its officers fell into error in the construction of the law applicable to the case which caused them to refuse to issue the certificate to him and to give it to another, or that through fraud or gross mistake it fell into a misapprehension of the facts proved before it which had a like effect. *James v. Germania Iron Co.*, 46 C. C. A. 476, 107 Fed. 597, 600."

But the question arises as to whether or not on account of the laches of the father of the plaintiffs in error, who was the owner of the improvements and entitled to the possession and occupancy of the land as a Creek citizen in accordance with the allegations of the plaintiffs in error, in failing to prosecute his appeal to the Secretary of the Interior from the decision of the acting Commissioner of Indian Affairs of August 25, 1900, affirming the decision of the Commission to the Five Civilized Tribes denying his right to institute a contest on account of the rule previously promulgated by said Commission requiring contests to be begun within 90 days, and also the further failure to prosecute his appeal from the decision of the acting Commissioner of Indian Affairs of March 27, 1902, denying his petition for a rehearing, bars plaintiffs in error from recourse to equity for relief. In the case of *Ard v. Brandon*, 156 U. S. 537, 15 Sup. Ct. 406, 39 L. Ed. 524, the court said:

"There can be no question as to the good faith of the defendant. He went upon the land with the view of making it his home. He has occupied it ever since. He did all that was in his power in the first instance to secure the land as his homestead. That he failed was not his fault. It came through the wrongful action of one of the officers of the government. We do not mean to hold that the government or its grantees are concluded by the mere

fact that one of its officers has given erroneous advice. If there was nothing more in this case than that the defendant consulted the officers of the land office as to how he could best obtain title to the land, that they gave him advice which was founded upon a mistake of fact and was not good advice, that he pursued the plan they suggested, and yet failed to acquire the title, he would have to bear the consequences of the error. But here a rightful application was wrongfully rejected. This was not a matter of advice, but of decision. Doubtless the error could have been corrected by an appeal, and perhaps that would have been the better way; but when, instead of pursuing that remedy, he is persuaded by the local land officer that he can accomplish that which he desires in another way—a way that to him seems simpler and easier—it would be putting too much of rigor and technicality into a remedial and beneficial statute like the homestead law to hold that the equitable rights which he had acquired by his application were absolutely lost. For these reasons, we are of opinion that there was error in the conclusion of the Supreme Court of the state of Kansas, and the judgments in these two cases are reversed for further proceedings in accordance with the views herein expressed."

This case is also referred to with approval in the case of *Weeks v. Bridgman*, 159 U. S. 541, 16 Sup. Ct. 72, 40 L. Ed. 253. When we consider the further fact that the father of the plaintiffs in error was in actual possession of the land in controversy when filed on by the defendant in error, that she had actual notice of this adverse holding, and that under the treaty provisions of the Creek Nation with the federal government the father of the plaintiffs in error was entitled to select this land covered by his improvements as allotment for himself and members of his family, the defendant in error filed on same at her peril. If a liberal construction was to be given to a remedy in behalf of a homestead claimant, why should not the same liberal construction be afforded to a member of the Creek Tribe, a former ward of the federal government, in a controversy over his allotment which may have been the home and abiding place of his ancestors for generations? The case of *United States v. Marshall Silver Min. Co. et al.*, 129 U. S. 579, 9 Sup. Ct. 343, 32 L. Ed. 734, is cited by the defendant in error in support of its contention. In that case the court said:

"When parties have been engaged in a contest, both before the courts and in the land office, with regard to their rights in a deposit of mineral or a lode, and the application of one of them for a patent has been dismissed and he has been put out of court in the pending suit, and there is a right of appeal, it would be inequitable to hold that after he has acquiesced and remained silent for more than eight years, while the successful 'party was in possession of the lode working out its mineral right in the face of the unsuccessful party, the latter can resume the contest, after such long interval and after the legal title had passed from the United States."

But in the case at bar no such acquiescence has existed. It follows that the judgment of the lower court is reversed, with instructions to grant a new trial and proceed in accordance with this opinion.

Dunn, C. J., and Kane and Turner, JJ., concur; Hayes, J., not sitting.