## BELL v. MITCHELL.

No. 2878.    Opinion Filed July 22, 1913.

Rehearing Denied November 4, 1913.

(135 Pac. 1136.)

INDIANS—Allotment in Cherokee Nation—Contests—Improvements—
Trusts.  Mitchell held the legal title to improvements in the Cher-
okee Nation, but had paid nothing for them, and they were in
the actual possession of a citizen of the United States.  Bell
bought the improvements from Mitchell for an agreed considera-
tion of $300, and the further consideration that the United States
citizen should remain upon the land for a certain period.  Bell
paid $200 of the consideration and received a conveyance.  The
conveyance contained no stipulation for a defeasance in case the
balance of the consideration was not paid.  The United States
citizen remained upon the land for the term agreed upon between
Mitchell and Bell, though against Bell's wishes.  Prior to the
allotment Mitchell tendered to Bell the portion of the purchase
price paid by him, and contested his right to select the land as
his allotment.  **Held,** that the department did not err in awarding
the land to Bell, and that a suit to have Bell declared a trustee
of said land for Mitchell could not be maintained.

(Syllabus by Rosser, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by Franklin P. Mitchell against James E. Bell.  Judg-
ment for plaintiff, and defendant brings error.  Reversed.

*A. F. Mood,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.

Opinion by ROSSER, C.  This is an action by Franklin
P. Mitchell against Jas. E. Bell to establish a trust in certain
lands described in the petition, and to have Bell decreed to hold
the land as trustee for the plaintiff, Mitchell.  The improvements
on the land at one time belonged to a man named McCaleb.  In
1898 McCaleb conveyed the land, or the improvements on the
land, to the plaintiff, Mitchell, and the consideration was paid
for Mitchell by a citizen of the United States, named Smoy, and

Smoy entered into possession of the land under a lease, and was in possession during all the transactions between the parties. In 1900 Bell wanted to purchase the land, and entered into negotiations with Mitchell for that purpose. Mitchell told him that he would not sell without Smoy's consent. Smoy at first objected to the sale from Mitchell to Bell, but afterwards agreed that, if Bell would give him a lease upon the land to extend the same length of time as the one he had with Mitchell, he would not object to Mitchell selling the land. Thereupon Mitchell agreed to sell the land to Bell for a consideration of $300, $200 to be paid in cash at the time the deed or bill of sale was delivered, and the remaining $100 to be paid when Bell obtained possession. Bell paid the $200 and a few dollars more, and Mitchell executed and delivered the deed to Bell. Later Bell refused to execute the lease to Smoy, and attempted, by legal proceedings, to have Smoy removed from the premises, but Bell never obtained actual possession of the land. Smoy remained upon the land as long as he was entitled to under the terms of his lease with Mitchell. Bell selected the land as his allotment, and filed upon it at the Cherokee land office. Mitchell instituted a contest against him, and the contest was decided against Mitchell by the Commission to the Five Civilized Tribes, and their decision was affirmed by the Commissioner of Indian Affairs, and by the Secretary of the Interior. Thereupon Mitchell brought this suit to have Bell declared his trustee. The trial court rendered judgment for Mitchell; that he was entitled to the land, and establishing a trust thereon in his favor.

The trial court committed error. It is the law that where the department has erred in a matter of law, or the losing party before the department had fraud practiced upon him, or the department has committed such gross error that its finding of fact practically amounts to fraud, its action is not final and conclusive upon the court, and that the party who had been wronged by its action may obtain relief. *Rector v. Gibbon,* 111 U. S. 276, 4 Sup. Ct. 605, 28 L. Ed. 427; *James v. Germania Iron Co.,* 107 Fed. 597, 46 C. C. A. 476; *Garrett v. Walcott,* 25 Okla. 574, 106 Pac. 848. But the action of the department in its decision

in contest cases should not be set aside or disturbed for slight reasons, or merely because of a preponderance of the evidence. See *Quinby v. Conlan*, 104 U. S. 420, 26 L. Ed. 800. The Commission to the Five Civilized Tribes was vested with authority to hear contests and to determine conflicting rights of applicants to allot land in the Indian Territory, and it is only in exceptional cases, and under unusual and extraordinary circumstances, that the action of the department should be disturbed.

In this case the evidence shows that Mitchell had executed a bill of sale to Bell. That conveyed to Bell the legal title to the land in controversy, so far as there was a legal title prior to allotment. There was nothing in the bill of sale which amounted to a defeasance in case the balance of the purchase price should not be paid. The only remedy Mitchell had for the failure to pay the remainder of the purchase price was an action of debt for the balance due. *Lake v. Gray*, 35 Iowa, 459. Nor did the bill of sale provide that a failure upon Bell's part to execute a lease to Smoy rendered the bill of sale invalid. Smoy actually stayed upon the land the length of time he would have been entitled to had the other lease been made. Except for a small balance of a part of the $100, Mitchell actually received the entire consideration agreed to be paid. As a matter of strict law, Bell was entitled to the premises. See *Harkness v. Fraser*, 12 Fla. '336.

Not only did the letter of the law give it to him under the rule announced, but equity also entitled him to select the land as his allotment. Mitchell had invested nothing in the land. It seems clear from the record that Mitchell was not the beneficial owner of the land, but was holding it simply as a cloak for Smoy, who was the actual owner.

There is nothing in law or equity to entitle plaintiff in this case to a judgment, and it should be reversed and remanded, with instructions to the trial court to dismiss the action.

By the Court: It is so ordered.