## BALTZ v. MITCHELL.

No. 2879.   Opinion Filed December 20, 1913.

(137 Pac. 666.)

**PUBLIC LANDS**—Decisions of Interior Department—Review by Courts.
The courts will not disturb decisions by the Department of the Interior based purely upon findings of fact from the testimony submitted, where there is no fraud nor apparent error of law in such department decisions.

(Syllabus by Harrison, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by Franklin P. Mitchell against Foster Baltz. Judgment for plaintiff, and defendant brings error. Reversed.

*A. F. Mood,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.

Opinion by HARRISON, C. This was an action by Franklin P. Mitchell against Foster Baltz, *nee* Stone, for possession of an allotment which had been awarded to Foster Baltz by the Commission to the Five Civilized Tribes, from whose decision Franklin P. Mitchell appealed to the Commissioner of the General Land Office, where the decision of the Commission to the Five Civilized Tribes was affirmed, and then appealed to the Secretary of the Interior, where it was again affirmed and the allotment awarded to plaintiff in error, Foster Baltz. Mitchell then brought this action in the district court of Rogers county to have the title to said allotment declared in him. The cause was tried and judgment rendered decreeing title in Mitchell; and from such judgment Foster Baltz appeals to this court.

This is one of three companion cases, all resting upon the same state of facts and involving the same question of law; the other two cases being *Bell v. Mitchell,* 39 Okla. 544, 135 Pac. 1136, and *Baltz v. Mitchell,* 39 Okla. 547, 135 Pac. 1137, both of

which were decided at a former term and which are determinative of the same question, viz., whether the Department of the Judiciary will disturb decisions of the Department of the Interior based purely upon findings of fact from the testimony submitted, where there is no fraud nor apparent error of law in such department decision.

In *Bell v. Mitchell, supra,* the same state of facts and question of law involved herein are fully discussed and the following holding announced:

"The trial court committed error. It is the law that where the department has erred in a matter of law, or the losing party before the department had fraud practiced upon him, or the department has committed such gross error that its finding of fact practically amounts to fraud, its action is not final and conclusive upon the court, and that the party who had been wronged by its action may obtain relief. *Rector v. Gibbon,* 111 U. S. 276 [4 Sup. Ct. 605, 28 L. Ed. 427] ; *James v. Germania Iron Co.,* 107 Fed. 597, 46 C. C. A. 476; *Garrett v. Walcott,* 25 Okla. 574, 106 Pac. 848. But the action of the department in its decision in contest cases should not be set aside or disturbed for slight reasons or merely because of a preponderance of the evidence. See *Quinby v. Colan,* 104 U. S. 420, 26 L. Ed. 800. The Commission to the Five Civilized Tribes was vested with authority to hear contests and to determine conflicting rights of applicants to allot land in the Indian Territory, and it is only in exceptional cases and under unusual and extraordinary circumstances that the action of the department should be disturbed."

And after further discussing the facts in the case, which were the same as the facts in the case at bar, the court concludes as follows:

"Not only did the letter of the law give it to him under the rule announced, but equity also entitled him to select the land as his allotment. Mitchell had invested nothing in the land. It seems clear from the record that Mitchell was not the beneficial owner of the land, but was holding it simply as a cloak for Schmoy, who was the actual owner. There is nothing in law or equity to entitle plaintiff in this case to a judgment, and it should be reversed and remanded, with instructions to the trial court to dismiss the action."

This opinion was followed in *Baltz v. Mitchell, supra,* for the reasons stated in the opinion.

There is no substantial difference between the facts in the case at bar and those in the above companion cases; the decisive question of fact in each case being, Who owned the improvements on the allotment in question at the time same was awarded to the allottee? the department finding from the testimony that one James A. Bell owned said improvements. We find nothing in the record that takes the case at bar .out of the rule announced in *Bell v. Mitchell, supra,* and the rule there announced is followed here.

Hence the judgment of the trial court should be reversed, and the action of plaintiff below ordered dismissed.

By the Court:   It is so ordered.