## WAYNE TOWNSHIP v. PORTER TOWNSHIP.

APPEAL BY PLAINTIFF FROM THE COURT OF QUARTER SESSIONS OF ARMSTRONG COUNTY.

Argued October 15, 1890—Decided November 3, 1890.

1. The settlement of a husband in a poor district is the settlement of his wife and their children; but, where the woman is not the man's wife and their children are illegitimate, his settlement is not theirs.

2. As a decree upon an appeal from an order of removal does not affect any of the legal rights of the alleged wife or her children, excepting their right to support by the poor district, the validity of the alleged marriage may be determined in such a proceeding.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 179 October Term 1890, Sup. Ct.; court below, No. 80 June Term 1888, Q. S.

On June 4, 1888, the overseers of the poor of Porter township, Jefferson county, appealed from an order of removal of John Ellenbarger, his wife Elizabeth and their children, from the poor district of Wayne township, Armstrong county, to the poor district of Porter township.

On August 4, 1890, after hearing upon depositions filed, showing the facts appearing in the opinion of the Supreme Court, the court below, RAYBURN, P. J., filed a decision dismissing the appeal as to John Ellenbarger, but sustaining it as to Elizabeth Ellenbarger and the children.* Thereupon the

———————————

*See Ginx's Baby, 133.

Opinion of the Court.

overseers of the poor of Wayne township took this appeal, assigning the said decree for error.

*Mr. Joseph Buffington* (with him *Mr. Orr Buffington*), for the appellant.

Counsel cited: (1) Griffith v. Smith, 1 Clark 479; Harrison v. Harrison, 1 Phila. 138; Thompson v. Thompson, 10 Phila. 131. (2) Point Tp. v. Lycoming Co., 2 R. 28; Sugarloaf Tp. v. Schuylkill Co., 44 Pa. 483; Westmoreland Co. v. Conemaugh, 34 Pa. 233; West Buffalo Tp. v. Walker Tp., 8 Pa. 180.

*Mr. J. H. McCain* (with him *Mr. M. F. Leason*), for the appellee.

Counsel cited: Walker Tp. v. West Buffalo Tp., 11 Pa. 96; 1 Bishop on M. & D., § 105; Hantz v. Sealy, 6 Binn. 405; Nathans' Case, 2 Brewst. 149; Heffner v. Heffner, 23 Pa. 104; Thomas v. Thomas, 124 Pa. 646; Poor Directors v. Malany, 64 Pa. 148; Versailles Tp. v. Mifflin Tp., 10 W. 360; Nippenose Tp. v. Jersey Shore Bor., 48 Pa. 402; Milton v. Williamsport, 9 Pa. 47; Moreland Tp. v. Davidson Tp., 71 Pa. 377.

PER CURIAM:

This was a contest between the poor district of Wayne township and the poor district of Porter township about the settlement of John Ellenbarger, his alleged wife, and three children. In March, 1888, Ellenbarger made an application for relief to the overseers of the poor of Wayne township. The said overseers obtained an order of removal, and then removed the said pauper, his alleged wife, and the three children, to Porter township, Jefferson county. From this order, the authorities of Porter township appealed to the Court of Quarter Sessions, which court, after a hearing, discharged the appeal as to John Ellenbarger, and sustained it as to the woman and her three children.

The court below found, as a fact, that at the time of his alleged marriage with the woman, Elizabeth McGregor, he had a wife in full life from whom he had not been divorced. Under all the authorities, a second marriage under such circum-

stances is void: Heffner v. Heffner, 23 Pa. 104; Thomas v. Thomas, 124 Pa. 646. It was strongly urged, however, that the evidence was insufficient to declare the contract bigamous, and the children bastards. This was the sentimental view of the case, if I may be allowed the expression. But I know of nothing so free from sentiment as the poor laws of this state. They are humane, so far as providing for the poor is concerned, but beyond this they do not go. It is well established that a wife and her children derive their settlement from the husband and father. His settlement is their settlement. But it has never yet been held that a woman who is not a wife, and children who are not born in lawful wedlock, derive a settlement in this manner. Hence, when a question of this nature arises, it must be decided, and it must be decided by the weight of the evidence as in other cases. The decision does not affect any of the legal rights of either the wife or children, excepting their right to be supported at the expense of this particular poor district. The finding of the learned judge below was fully warranted by the evidence, and we fail to find error in his answers to either the points of law or evidence.

Judgment affirmed.

