Strafford, ⎱
Dec., 1894. ⎰

HAYES & a. v. ROLLINS & a.

COLBATH v. ROLLINS & a.

The marriage of persons within the prohibited degrees is void, and the survivor of such marriage takes no portion of the other's estate.

BILLS IN EQUITY, to determine the rights of the parties in property in which Samuel E. Colbath claimed an interest as the surviving husband of Carrie J. Colbath. Facts found by the court. Samuel E. and Carrie J. were cousins. Both resided in this state at the time of their marriage here in 1889, and thereafter until her decease.

*George E. Cochrane*, for C. E. and M. B. Hayes.

*Cogswell & Blackstone*, for Rollins and Cate, trustees.

*Felker & Pearl*, for Samuel E. Colbath.

WALLACE, J. The statute in force at the time of the marriage in question prohibited the marriage of cousins (G. L., c. 180, ss. 1, 2), and provided that " Every marriage contracted by parties within the degrees prohibited by the two preceding sections is incestuous and void, and the issue of such marriage illegitimate." G. L., c. 180, s. 3. It also provided that " All marriages prohibited by law on account of the consanguinity or affinity of the parties, . . . if solemnized in this state, shall be absolutely void without any decree of divorce or other legal process." G. L , c. 182, s. 1.

Under the common law, the canonical impediments of consanguinity and affinity only rendered a marriage voidable. Until set aside, it was practically valid. Some of the American courts, following this doctrine, have construed statutes declaring such marriages void as meaning voidable, when such construction

was not expressly precluded by the terms of the statute. 1 Bish. Mar. & Div., *ss.* 105, 112, 320. But our statute, which expressly provides that marriages within the prohibited degrees shall be absolutely void without any decree of divorce or other legal process, renders this marriage void. It is impossible to put any other construction upon the statute without doing violence to the English language, and defeating the clearly expressed intention of the legislature. *Blaisdell* v. *Bickum*, 139 Mass. 250. The marriage between these parties being absolutely void without any judicial process or decree, Samuel E. can take thereby no interest in the estate of Carrie J.

                                                                *Case discharged.*

All concurred.