### JOHN H. BALDWIN v. MARY KEITH.

(Filed March 4, 1904.)

1. **PETITION—Does not State Facts Sufficient to Constitute a Cause of Action, When.** A petition in an action to declare a resulting trust, which does not allege and show upon its face that the plaintiff has a better right to the land than the patentee, such as in law should have been respected by the officers of the land department, and, being respected, would have given him the patent, does not state facts sufficient to constitute a cause of action.

2. **PETITION—Defective, When.** In an action to declare a résulting trust, where the plaintiff claims the land under the homestead laws, an essential averment of the petition, and one without which the petition does not state a cause of action, is that the plaintiff has resided upon, cultivated and improved the land for a period of time and to an extent that upon final proof he would be entitled to a patent thereto.

3. **WHAT PETITION MUST SHOW.** It is not sufficient that the patentee ought not to have received the patent. It must affirmatively appear from the allegations of the petition that the claimant was entitled thereto, and that, in consequence of the erroneous rulings of the secretary of the interior on the facts existing, it was denied him.

4. **POWER OF SECRETARY.** It is within the power of the secretary of the interior to deny an application to make a homestead entry made by a person who has no equities in the land, when such land is covered by an Indian allotment, even though such Indian allotment has been erroneously made, when the equities in favor of the allottee are such that a great injustice would be done the allottee if such allotment should be canceled and set aside.

5. **NO VESTED RIGHT, When.** No vested right is obtained in a piece of government land by reason of the filing of a contest against an Indian allotment, where such contest does not result in the cancellation of the allotment entry.

6. **SAME.** No vested right is obtained in a piece of government land by reason of an application to make a homestead entry thereon,

when such application to enter is denied, and the entry is never made.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*J. H. Everest,* for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action to declare a resulting trust brought in the district court of Canadian county.

The petition alleges, among other things, that the plaintiff was a citizen of the United States, possessing all the qualifications necessary to make entry under the homestead laws; that on April 23, 1892, the plaintiff in error instituted a contest against the defendant in error, at the local land office in Oklahoma City, Oklahoma, alleging as a matter of contest that the defendant in error was not an Indian, but was an American citizen, and was not entitled to make an allotment entry under the provisions of section 4 of the act of February 8, 1887, she being the daughter of a white citizen of the United States; also, that the tract of land in question, being the northeast quarter of section eleven, township twelve, north of range six, west of the Indian meridian, Canadian county, was not subject to entry as an Indian allotment, under the act of February 8, 1887, for the reason that the tract was a part and parcel of the tract purchased from the Seminole Indians, and opened to settlement under the provisions of the act of March 8, 1889, to homestead settlers.

The application for contest being rejected by the local office, an appeal was taken to the commissioner of the general

land office, and from there to the secretary of the interior, the secretary in his decision sustaining the local office, and dismissing the contest.

On the 23rd day of February, 1895, plaintiff in error made application at the said United States land office to enter the quarter section of land as a homestead, which application was rejected by the local office as being in conflict with the Indian allotment of the defendant in error. An appeal was taken from the action of the local land office to the commissioner of the general land office, and from there to the secretary of the interior, whose decision thereon was adverse to the plaintiff in error, and sustained the action of the local land office. The application was dismissed.

Upon the hearing of the motion for review, before the secretary, the plaintiff in error filed affidavits showing that he had established a residence upon the land in February, 1894, had built a house and made other improvements, but was removed by the action of the defendant in error. Copies of the decision of the secretary of the interior in the contest, and application to enter, are made part of the petition by exhibits.

The petition also alleges that a patent was issued to the defendant in error in March, 1896.

A demurrer was filed to this petition, and sustained upon the ground that the petition did not state facts sufficient to constitute a cause of action. The plaintiff elected to stand upon his petition, and brings the case here.

It appears from the decision of the secretary attached to the petition that it was held that the defendant in error is a member of the Cheyenne and Arapahoe tribe of Indians;

that under the provisions of section 4, of the treaty of October 28, 1867, defendant in error selected and was alloted a tract of land of three hundred, twenty acres, which land was supposed to be within the Cheyenne and Arapahoe reservation, and was set apart to her and her family; that buildings were placed thereon, and improvements made of a valuable character; that afterwards it was discovered that the land was not in the Cheyenne and Arapahoe reservation, but was a part of the land ceded to the United States by the Seminole and Creek Indians, and that fact being called to the attention of the department, the secretary of the interior directed that one hundred and sixty acres of the land occupied by her should be alloted to her under the provisions of section 4, of the act of 1887; that an application was made by the defendant in error and the allotment approved by the secretary; further, that by article 3, of the act of March, 1891, ceding to the United States the Cheyenne and Arapahoe Indian reservation, each member of that tribe of Indians over eighteen years of age had a right to select one hundred, sixty acres of land to be owned in severalty; that under that agreement, an allotment of one hundred and sixty acres was made to the defendant in error within said reservation, and a trust patent issued thereon; subsequently, it having been held by the department that she and others similarly situated could not be allowed to hold two allotments, she relinquished her trust patent, which action was approved by the secretary, and the trust patent cancelled by his order, with directions for the issuance to her of a trust patent under section 4, of the act of February 8, 1887, for her first allotment of the land inside of the Creek and Seminole cession, being the

land now in controversy. A patent for this land was issued to her March 16, 1896.

It also appears from the said decision that the secretary found the facts in said contest case and application to enter to be as follows: .

That Baldwin, the plaintiff in error, was a mere contestant and applicant to enter the land; that Mrs. Keith was located upon the land by an Indian agent, in pursuance to treaty provisions supposed at the time to be applicable thereto; that she has continued in the occupation and cultivation of the land for almost a quarter of a century; that she relinquished another allotment to which she was lawfully entitled in order that she might retain this land; that there were no equities in Baldwin's favor, but that there were many in Mrs. Keith's favor.

Other statements are contained in the petition which are deemed unnecessary to be set forth here. The single proposition is presented: Does the petition state facts sufficient to constitute a cause of action?

The secretary decided the case in favor of the defendant in error upon the equities which he found to be in her favor, and held that the government alone could question the existing allotment and the trust patent theretofore issued to her, and that whatever supervisory authority was vested in the secretary in the premises should be unhesitatingly exercised in behalf of the defendant in error, and for that reason the contest was dismissed.

His decision was based upon the authority of *Williams v. The United States,* 138 U. S. 514, in which case it was held by the supreme court of the United States, in an application

by a state for the selection of certain state lands, that "it was within the power of the secretary to deny the application of the state and refuse to approve the selection, and to hold the title within the general government until, within the limits of the existing law, or by special act of congress, a party who, misinformed and misunderstanding its rights, has placed large improvements on the property, shall be enabled to obtain title from the government."

That "It is obvious, it is common knowledge, that in the administration of such large and varied interests as are entrusted to the land department, matters not foreseen, equities are anticipated, and which are therefore not provided for by express statute, may sometimes arise, and, therefore, that the secretary of the interior is given that superintending and supervising power which will enable him, in the face of these unexpected contingencies, to do justice."

As far as can be gleaned from the record before us, and the statement of facts therein contained, the decision of the secretary was undoubtedly correct. We are not favored with a brief on behalf of the defendant in error, and are therefore unable to determine what her position was in the court below, and upon what theory the demurrer was sustained.

However, separate and apart from the principle laid down in *Williams v. The United States, supra,* it is quite obvious that the plaintiff in error cannot maintain this action because of one elementary principle underlying all actions to declare a resulting trust. That is:

"To entitle a party to relief against a patent of the government of the United States, he must show a better right to the land than the patentee, such as in law should have been respected by the officers of the land department, and, being

respected, would have given him the patent. It is not sufficient to show that the patentee ought not to have received the patent. It must affirmatively appear that the claimant was entitled to it, and that, in consequence of the erroneous rulings of those officers on the facts existing, it was denied him." (*Bohall v. Dalla,* 114 U. S. 47; *Sparks v. Pierce,* 115 U. S. 408; *Parker v. Lynch et al.,* 7 Okla. 631.)

If we were to concede that the defendant in error had no right to the patent to the land in controversy, by what right can the plaintiff in error contend that he is entitled to a patent thereto? In the petition it is alleged that he made application to file a contest, which contest was not entertained, but was rejected. This application to contest the allotment entry of the defendant in error gave the plaintiff in error no vested right in the land. A contestant who secures a cancellation of an entry has a preference right for a certain number of days, but this preference right is contingent upon the success of the contest. Here, the contest was not successful. Therefore, the plaintiff in error gained nothing whatever by reason of his contest. There being no cancellation of the entry, he obtained no interest in the land.

Again, he made application to enter the land. This application gave him no vested right, and particularly when the land was covered by an allotment entry. But, it is alleged, the plaintiff in error established a residence upon the land and made improvements thereon. This, however, was at a time when the allotment entry of the defendant in error was in full force and effect, and at a time when the land was not subject to another entry.

Further, there was no showing made at the time of filing the original application to enter, that the plaintiff in error

was a resident upon the land, nor was this showing made until after the decision was rendered against him by the secretary of the interior, and upon motion for review. This showing was by affidavit, and under all rules of pleading, both in court and the department of the interior, a showing that the plaintiff in error was a resident upon the land and had the interests of a resident, whatever they may be, could not be heard by the secretary of the interior, on appeal, on the motion for review.

But, notwithstanding this, still the plaintiff in error cannot maintain this action upon the theory that he had established a residence upon the land, because he had not resided thereon a sufficient length of time to entitle him to a patent therefor, even though the defendant in error had had no right whatever to the property.

The petition does not contain an allegation that the plaintiff in error resided upon the land for any specific time, other than is shown by a copy of the affidavit which was filed before the secretary of the interior, on the motion for review.

Before the plaintiff in error could acquire an interest in this land by residence, he must have established his residence at a time when it was not covered by some entry segregating it from the public domain. At the date at which he claims he established his residence, the land was covered by the allotment entry of the defendant in error, and the plaintiff in error could acquire no interest therein.

But even were we to look at the facts as shown by the copy of the affidavits contained in the record, still the record shows that the plaintiff in error did not reside upon the land for a period exceeding two years. This would not entitle

him to a patent from the government. He had not resided there a sufficient length of time to enable him to make final proof under the homestead laws; and, not being entitled to a patent from the government, he cannot maintain this action to declare a resulting trust.

The action of the trial court in sustaining the demurrer to the petition being correct, the judgment dismissing the action and for costs, is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.