FEARNOW *et al.* v. JONES *et al.*

No. 1930.    Opinion Filed August 20, 1912.

Rehearing Denied October 8, 1912.

(126 Pac. 1015.)

1.    MARRIAGE—Invalidity—Incest. Under a statute (Wilson's Rev. & Ann. St. sec. 3483) declaring a marriage between certain relatives to be "incestuous, illegal and void," and a statute (Wilson's Rev. & Ann. St. sec. 2276) punishing such a marriage by imprisonment in the penitentiary, a marriage between persons within the prescribed degrees is void, and not merely voidable.

2.    SAME — Effect of Invalidity. In an action by the heirs of a deceased entryman, against one claiming to be his widow, to declare a resulting trust, after she has procured the issuance of patent under section 2291 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1390), relating to homesteads,

where the heirs have properly preserved their rights before the land office, and where it is alleged that the marriage is a nullity and that therefore the person claiming the land is not the widow of the entryman, the nullity of the marriage may be asserted.

3.    **PUBLIC LANDS**—Resulting Trusts—Establishment. In an action to declare the patentee of a homestead a trustee for the real owners, when it is apparent that the land office has erred in the application of the law to the facts, and where the contestants have preserved their rights before the land office, a resulting trust will be declared.

4.    **INCEST**—Nature of. ''Incest'' is intercourse between people related within the degrees prohibited.

(Syllabus by Ames, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by Emily F. Fearnow and others against Luttie B. Jones and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*L. A. Maris,* for plaintiffs in error.

*J. F. King,* for defendants in error.

Opinion by AMES, C. The trial court sustained a demurrer to the plaintiffs' petition, and this proceeding is brought to review that ruling. The facts alleged in the petition are: That one Hollen H. Fearnow, on March 29, 1899, made a homestead entry upon the land involved; that he thereupon took possession of the land, resided thereon, cultivated it, and made improvements for a period of more than five years and until his death in October, 1905; that in November, 1906, one Luttie B. Jones, one of the defendants, claiming to be his widow, relinquished his homestead entry, filed her homestead entry upon the same land, and subsequently secured patent therefor; that in December, 1906, the plaintiffs filed their contest affidavit before the land office, alleging that Luttie B. Jones was not the widow of Hollen H. Fearnow. The facts alleged in this respect are: That Luttie B. Jones and Hollen H. Fearnow were residents of the territory of Oklahoma in August, 1901; that at that time they were first cousins by blood; that they went to Kansas, where a marriage ceremony was per-

formed; that under the laws of Kansas, as well as those of Oklahoma, this marriage was incestuous and void; that immediately they returned to the territory of Oklahoma; and that Mrs. Jones' right to relinquish Fearnow's entry rested entirely upon this void marriage. In January, 1907, the land office at Guthrie rejected the contest for the reason that it would not inquire into the validity of the marriage. Appeal was taken to the Commissioner of the General Land Office, where the decision was affirmed. Appeal was then taken to the Secretary of the Interior, where the decision of the Commissioner was affirmed. Thereafter, when patent had issued to Mrs. Jones, the heirs of Fearnow brought this suit to declare a resulting trust.

The statute of Kansas (Gen. St. 1909, sec. 4856) in force at the time of this marriage provides:

"All marriages between parents and children, including grandparents and grandchildren of any degree, between brothers and sisters of the one-half blood as well as the whole blood, and between uncles and nieces, aunts and nephews, and first cousins, are declared to be incestuous and absolutely void. This section shall extend to illegitimate as well as legitimate children and relations."

The law of Oklahoma then in force provides (section 3483, Wilson's Rev. & Ann. St. 1903):

"Marriage between parents and children, ancestors and descendants of any degree, or a stepfather with a stepdaughter, stepmother with a stepson, between uncles and nieces, aunts and nephews, between brothers and sisters of the half as well as the whole blood, father-in-law, mother-in-law and son-in-law and first cousins are declared to be incestuous, illegal and void, and are expressly prohibited."

Section 2276, Wilson's Rev. & Ann. St. 1903, is as follows:

"Persons who, being within the degrees of consanguinity within which marriages are by the law of the territory, declared incestuous and void, intermarry with each other or commit adultery or fornication with each other, are punishable by imprisonment in the territorial prison not exceeding ten years."

The questions which arise in the case are whether this widow is entitled to the homestead of Fearnow, or whether the plaintiffs, his heirs, are entitled to it.

It will be remembered that Fearnow had resided on the land more than five years prior to his death. Although he had not made his final proof, he had resided upon the land long enough to entitle him to make it.

"The right to a patent once vested is treated by the government, in dealing with public lands, as equivalent to a patent issued." (*Stark v. Starr,* 6 Wall. 402, 18 L. Ed. 925; *Hays v. Wyatt,* 19 Idaho, 544, 115 Pac. 13, 16, 34 L. R. A. [N. S.] 397.)

Section 2291 of the Revised Statutes (U. S. Comp. St. 1901, p. 1390), providing for the disposition of a homestead entryman's rights upon his death, is as follows:

"No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for a term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she or they will bear true allegiance to the government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law."

It will thus be seen that, if Mrs. Jones is the widow, she is entitled to the land, while, if she is not the widow, his other heirs would be entitled to it.

It is apparent that if she was not the widow she had no right to relinquish Fearnow's entry, and that she could acquire no right against his heirs by relinquishing and entering the land herself, as by the statute the heirs had two years within which to make proof, and during that time she could not acquire any rights adverse to them. *Atchison, T. & S. F. Ry. Co. v. Frederick Pracht,* 30 Kan. 66, 1 Pac. 319. It is likewise true that, if the Land Department committed error of law, the courts will declare a trust where the true beneficiaries have protected their rights before the department. *Baldwin v. Keith,* 13 Okla. 624, 75 Pac. 1124; *Ross v. Stewart,* 25 Okla. 611, 106 Pac. 870.

The propositions involved in the case, as stated by the defendants, are as follows:

"First. To put it in its strongest light for plaintiffs in error, the marriage is voidable and not void, and therefore it could not be attacked collaterally as was attempted in this action. Second. That even though the marriage was void and not voidable, it legally could not be inquired into or determined as an incident to another cause of action—in this case to declare a trust. Third. That as the Land Department found the facts to be that these plaintiffs in error never made application to have the homestead entry of Hollen H. Fearnow (whose heirs they claim to be) to this land reinstated or did anything to initiate or establish any right to or interest in this land, they are in no position to question and they cannot question, the right or title to it in Mrs. Jones."

In our opinion this marriage is void, and not merely voidable. The law of Kansas, where the marriage was consummated, declared it to be "incestuous and absolutely void." The law of Oklahoma, in which the parties both resided, declared it to be "incestuous, illegal and void," and provided that it should constitute an offense "punishable by imprisonment in the territorial prison not exceeding ten years." "Incest" is intercourse between people related within the degrees prohibited, and it seems clear to our minds that it was the purpose of the Legislature, in declaring such marriages incestuous and absolutely void, and providing that the relation should be punishable by imprisonment for ten years, to prevent such marriages, and that it did prevent them, and that any marriage pretended to be consummated in violation of these statutes is, as declared by statute, not only void, but incestuous.

In *Hunt v. Hunt*, 23 Okla. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202, it was held that a marriage between a boy under eighteen and a girl under fifteen was voidable and not void, although it was prohibited by statute; but in that case the statute did not declare the marriage to be "incestuous, illegal and void." The section there construed was 3484 of Wilson's Rev. & Ann. St. 1903, and immediately follows section 3483, which is now under consideration, and the concluding proviso of section 3484

lends weight to the conclusion which we reach with reference to section 3483. It is as follows:

"Provided, that this section shall not be construed to prevent the courts from authorizing the marriage of persons in settlement of suits for seduction or bastardy, when such marriage would not be incestuous under this act"

—thus indicating that marriages prohibited as incestuous by section 3483 would not be recognized or tolerated in the state under any circumstances, even in settlement of suits for seduction or bastardy. We recognize the danger of undertaking to lay down a general rule; but it seems to us that it is not far wrong to say that a marriage may be considered voidable when it is possible under any circumstances for the plaintiffs to contract the marriage, or subsequently to ratify it, while it should be considered void if it is impossible for them under the law to contract it, and if it is impossible for them subsequently by any conduct to ratify it, and if the statute expressly declares that it is void. As said by the court in *State v. Yoder,* 113 Minn. 503, 130 N. W. 10:

"And in this connection it may be safely said that a marriage is not absolutely void in any case not expressly so declared by law, when by the subsequent conduct of the parties it may be ratified, confirmed, or made valid by cohabitation."

Our conclusion that the marriage in this case is void is supported by the following decisions: *Blaisdell v. Bickum,* 139 Mass. 250, 1 N. E. 281; *Lanham v. Lanham,* 136 Wis. 360, 117 N. W. 787, 17 L. R. A. (N. S.) 804, 128 Am. St. Rep. 1085; *Wilbur's Estate v. Bingham,* 8 Wash. 35, 35 Pac. 407, 40 Am. St. Rep. 886; *Moore v. Moore* (Ky.) 98 S. W. 1027; *Hayes v. Rollins,* 68 N. H. 191, 44 Atl. 176; *In re Gregorson's Estate,* 160 Cal. 21, 116 Pac. 60.

The next proposition stated by counsel for the defendants is that, even though the marriage is void, its validity cannot be inquired into in this proceeding seeking to declare a trust. If this were true, it would follow that this woman, notwithstanding the fact that she was not the lawful widow of Fearnow, could keep this land without the fact of her relation to him being inquired into by any tribunal. The land office has declined to make inquiry into the fact, and, if the courts should likewise refuse,

then the heirs, who are in law entitled to the estate, would be deprived of it without having their day in court. In *Re Gregorson's Estate,* 160 Cal. 21, 26, 116 Pac. 60, 62, it is said in the opinion:

"A marriage prohibited as incestuous or illegal and declared to be 'void' or 'void from the beginning' is a legal nullity, and its invalidity may be asserted or shown in any proceeding in which the fact of marriage may be material."

In *Newlin's Estate,* 231 Pa. 313, 314, 80 Atl. 255, 256, it is said:

" 'The nullity of a void marriage may be shown in any legal proceeding where it is a pertinent matter.' *Heffner v. Heffner,* 23 Pa. 104; *Thomas v. Thomas,* 124 Pa. 646, 17 Atl. 182; *Wayne Tp. v. Porter Tp.,* 138 Pa. 181, 20 Atl. 939; *Clark's Estate,* 173 Pa. 451, 34 Atl. 68; *Divvers' Estate,* 22 Pa. Super. Ct. 436."

*Fornshill v. Murray,* 1 Bland (Md.) 479, 18 Am. Dec. 344, and *Medlock v. Merritt,* 102 Ga. 212, 29 S. E. 185, support the same conclusion. *Clark v. Barney,* 24 Okla. 455, 103 Pac. 598, is a case in which an attack was made upon the marriage in a proceeding to determine the distribution of the property of the deceased husband, but in that case the exact point was not considered; it apparently being conceded by counsel.

The third proposition involved, as expressed by the defendants, is that, as the Land Department has found the facts against the plaintiffs, they will not now be heard to question its decision. It is, of course, true that the findings of fact in the Land Department are generally accepted as true by the courts; but in this case no evidence was heard, and there are no findings of fact. The register and receiver of the local land office, a few days after the contest affidavit was filed by the plaintiffs, rejected it on the ground that it was insufficient under the rule of the cases of *Smothers v. Mitchell* and *MacMartin v. Sportsman,* 22 Land Dec. Dept. Int. 263. We do not have access to the unreported case of *Smothers v. Mitchell,* but the case of *MacMartin v. Sportsman* does not sustain the position of the defendants in this case, because there the conclusion was based upon the idea that "the laws of Oklahoma limit the institution of proceedings to annul a marriage, on the ground alleged in this case, to the parties themselves during the lifetime of both, or to the former wife (St.

Okla. 1890, secs. 3371, 3372)." An examination of those sections discloses that they do not apply to a case where the marriage is incestuous and void because of· the relation between the parties, · and in addition to this those sections seem to have been omitted in the revision of 1893 (chapter 49, St. Okla. 1893), and the revision of February 26, 1897 (chapter 51, Wilson's Rev. & Ann. St. 1903). The decision of the register and receiver was affirmed by the Commissioner upon the same ground, and manifestly that was the only proposition involved in the contest and on the appeal to the Secretary of the Interior, and, as.the contest was in the form prescribed by the land office, what is ·said ·in the Secretary's opinion beyond the issue raised manifestly cannot add anything to the record itself.

For the error in sustaining the demurrer to the petition the case should be reversed and remanded.

By the Court: It is so ordered.