## WELCH v. BOHART.

No. 2958.     Opinion Filed March 3, 1914.

(135 Pac. 1065.)

PUBLIC LANDS—School Lands—Right to Re-lease.    Where in ejectment
plaintiff relied upon a lease from the School Land Department of
the state, and defendant on a prior lease of the same lands from
the board for leasing school lands of the territory of Oklahoma
and proof of his prior and continuous possession under said lease,
and that he had since improved the same and lived thereon with
his family, that he had paid the rents and complied with all the
conditions of the lease, and had made application to renew the
same in conformity to Comp. Laws 1909, sec. 7435 (Rev. Laws
1910, sec. 7174), held, that the court erred in directing a verdict
for plaintiff.

(Syllabus by the Court.)

*Error from District Court, Caddo County;*
*Frank M. Bailey, Judge.*

Action by J. C. Bohart against T. J. Welch.    Judgment for
plaintiff, and defendant brings error.    Reversed and remanded,
with directions.

*Morris & Starkweather,* for plaintiff in error.

*P. L. Jorgenson* and *Gilbert & Bond,* for defendant in error.

TURNER, J. On September 29, 1910, J. C. Bohart sued T. J. Welch in the district court of Caddo county in ejectment for the northeast quarter of section 36, township 6 north, of range 9 west, of the Indian meridian, in that county, and for a sum certain for rents and profits. Defendant, among other things, pleaded a general denial. He also defended his possession under a prior lease from the School Land Commission of Oklahoma Territory, letting to him for a term of years the land sued for, and his right to re-lease the land. To maintain the issues on his part plaintiff introduced in evidence a lease to him of the land in controversy from the Commissioners of the Land Office, dated August 23, 1910, for a term of five years from January 1, 1910, to December 31, 1914; proved that defendant had been in continuous possession theretofore and ever since; notice to him of the existence of the lease, and rested. To maintain the issues on his part defendant introduced in evidence a lease for the same land, dated March 7, 1906, for a term of three years from the 1st day of January, 1905, to the 1st day of January, 1908, signed by Frank Frantz, Governor, Chas. H. Filson, Secretary, L. W. Baxter, Superintendent of Public Instruction, and Fred L. Wenner, Secretary of the Board for Leasing the School Lands of the Territory of Oklahoma, and also signed and acknowledged by himself. He testified that on receipt of the lease he immediately took possession thereunder, and that he has lived on the land ever since; that he has placed in cultivation 85 acres thereof, built a residence and potato house thereon, dug a well, and put up a tower and a windmill; that the place had certain improvements on it at the time he took the lease; that the same was not all under fence, but contains a partition fence and a fence around the pasture which is about one-half of the 160 acres. After testifying that there were about 800 orchard trees on the place, he said:

"Q. State whether or not after you got the lease you paid the notes specified in the lease. A. Yes, sir; I did. * * * Q. State if in the spring of 1908 you made application to the school land board for a re-lease of this land. A. Yes, sir. Q. Did you receive notice from them that year to go ahead on the land? * * * A. Yes, sir. Q. Have you the notice in your posses-

sion? A. No, sir; I did not know I would be asked for it. Q. You stayed there for the year 1908? A. Yes, sir. Q. And in the spring of 1909 did you make application to the school land board for a renewal of the lease? * * * A. Yes, sir. Q. State whether or not this last spring, 1910, you made application to the school land board for an extension of the lease? A. Yes, sir; I did. Q. Have you, since you made the last application to them, received any notice from them that they would accept or reject your application or anything? * * * Q. Have you received any notice from the school land board of any character since you made the application in 1910 that they would not let you have the lease? * * * A. No, sir. * * * Q. I will ask you if you have, at any time, had any notice from the school land department claiming that you had in any way violated the terms of your lease with them? * * * A. No, sir. Q. Have you ever at any time had any notice from the school land board that they would sell your improvements, or that they ought to be sold? A. No, sir. Q. State to the jury whether or not you have been ready and willing at all times since you went into possession of this land to comply with any request that the school land department might impose on you regarding the land. A. Yes, sir. * * * Q. Have you at any time refused or neglected to comply or perform any condition they required or asked you to perform in reference to this lease? * * * A. I have not. Q. Are you at this time ready and willing to perform any condition or duty that they may request with reference to the lease of the land in question? * * * A. Yes, sir; I am. Q. Are you living on the land at this time? A. Yes, sir. Q. You heard a lease purporting to have been executed to Mr. Bohart read, supposed to be executed in August, 1910? A. Yes, sir. Q. Did you ever have any knowledge or notice that the school land board was contemplating issuing him this lease before this suit was begun against you? * * * A. No, sir. Q. Did you have any knowledge that they were going to issue him this lease before this suit was brought? * * * A. No, sir. Q. Did you have any knowledge at all of Mr. Bohart's lease before this suit was brought? A. No, sir."

Thereupon both sides rested, and the court directed a verdict for plaintiff. After judgment thereupon rendered and entered, defendant brings the case here. If the board erred in the application of the law to the facts before it and issued the lease to plaintiff when it should have issued the lease to defendant, the court erred, otherwise not. If the lease should have been

issued to defendant as a matter of law under all the facts before the board, then judgment should have gone for him, and a resulting trust declared in his favor pursuant to the prayer for general relief in his cross-petition. *Alluwee Oil Co. v. Shufflin et al.,* 32 Okla. 808, 124 Pac. 15; *Fearnow et al. v. Jones et al.,* 34 Okla. 694, 126 Pac. 1015; *Citizens' Trading Co. v. Bass,* 30 Okla. 747, 120 Pac. 1095; *Acton v. Culbertson,* 38 Okla. 280, 132 Pac. 812.

*Alluwee Oil Co. v. Shufflin et al.,* *supra,* was a suit in the district court to have certain parties holding an oil and gas mining lease, approved by the Secretary of the Interior, decreed to hold the same in trust for plaintiff. Brewer, C., in applying the doctrine just announced, says:

" * * * We are lead to the conclusion that the general rules and principles of equity applied to the holders of patents to public lands in cases where another asserts a superior equitable right to such lands, whereby the patent should have issued to him, are applicable and govern here. Under the rules announced in such cases, it is well established that if the officers of the Land Department are induced to issue a patent to the wrong party by an erroneous view of the law or because of a gross or fraudulent mistake of the facts, the rightful claimant has a remedy, and may avoid the decision of the Land Department and charge the legal title of the patentee with his equitable right to it, either upon the ground 'that, upon the facts found, conceded, or established, without dispute, at the final hearing before the department, its officers fell into a clear error in the construction of the law applicable to the case, which caused them to issue the patent to the wrong party, or that, through fraud or gross mistake, they fell into a misapprehension of the facts proved before them, which had a like effect.' *Garrett et al. v. Walcott,* 25 Okla. 574, 106 Pac. 848; *Baldwin v. Keith,* 13 Okla. 624, 75 Pac. 1124; *James v. Germania Iron Co.,* 107 Fed. 597, 46 C. C. A. 476; *Wallace v. Adams,* 143 Fed. 716, 74 C. C. A. 540; *Gonzales v. French,* 164 U. S. 338, 17 Sup. Ct. 102, 41 L. Ed. 548."

See, also, *Ross v. Stewart,* 25 Okla. 611, 106 Pac. 870, 227 U. S. 530, 33 Sup. Ct. 345, 57 L. Ed. 626.

It is contended by defendant that on the facts testified to by him he was entitled to re-lease the land; that such was a vested

right, and that he had in all things complied with the law on the subject, and that the board misapplied the law to those facts when it issued the lease to plaintiff. That such right it was is held by the court in *Noel v. Barrett,* 18 Okla. 304, 90 Pac. 12. There the court said:

"* * * Barrett leased the land out of which the controversy grew, and under the rules and regulations of the department he, so long as he kept the rental paid, was possessor of a preference right to continue (the) leasehold upon such terms as the board should from time to time impose. This preference right is a valuable property right * * *"

—and in the syllabus said: ·

"By the law and regulations for leasing school lands in the territory of Oklahoma, a lessee had a preference right to renew or re-lease, and such right is a valuable one, subject to sale and purchase."

The question, then, before us is whether as a matter of law he was entitled to re-lease the land, and whether sufficient facts were before the board to show that he was so entitled at the time it issued the lease to plaintiff. The lease provides:

"If the party of the second part desires to re-lease said land at the expiration of the time for which this lease is made and files his application therefor with the said parties of the first part; whenever *public notice* is given that the bids will be received and has complied with the conditions herein, he will be given a preference to re-lease said land at the appraised rental value thereof as fixed by the board for leasing school lands. *** "

Before the expiration thereof an act approved April 8, 1908 (Comp. Laws 1909, sec. 7428), provided:

"All leases expiring between December 25, 1907, and April 15, 1908, are extended without further act of the commissioners of the land office until January 1, 1909, in all cases where the lessee desires extension. * * *"

There can be no doubt that he paid the notes specified in the lease and complied with all the conditions thereof, and in the spring of 1908 defendant duly made application to the board for a re-lease of the land. Neither can there be any doubt that in the spring of 1909, and during the extension of the lease provided for by section 7428, *supra,* he, having complied with all the conditions of the lease, again made application, and that at

that time an act approved March 22, 1909 (Comp. Laws 1909, c. 28, art. 1), was in force, which provided:

"Sections sixteen and thirty-six of each congressional township, where the same has been set aside for the benefit of the common schools shall be leased for a period of ten years. The present lessee including those having a right of re-lease shall have a right to lease not more than one hundred and sixty acres east of the range line between ranges thirteen and fourteen West Indian Meridian."

Apart from this last act we are of the opinion that when defendant made and filed his application to re-lease the land in the springs of 1908, 1909, and 1910 with the board, as he swears he did, and which is not denied, and complied with all the conditions of the lease, which he swears he did and which is not denied, although his lease expired January 1, 1909, he brought himself squarely within the law and the terms of the lease, and was entitled to re-lease the land in preference to plaintiff, and the commission should have so held and re-leased the land to him instead of plaintiff, as it did.

There is no merit in the contention that defendant was not entitled to this re-lease because "there was no proof that he had kept the rental paid up, and thus became entitled to the benefit of this rule." This for the reason that the testimony quoted shows that the same was not true in point of fact. Neither is there merit in the contention " * * * that the law provides what the application to re-lease shall contain, and that it shall be sworn to, and that there is no testimony that defendant complied with Comp. Laws 1909, sec. 7435 (Rev. Laws 1910, sec. 7174), which reads:

"Applications for the lease of any of the lands enumerated herein shall be made to the Commissioners of the Land Office. Such applications shall be subscribed and sworn to and shall specify that the applicant is the head of the family or above the age of twenty-one years. If he has heretofore had a contract of lease on the land applied for, he shall state in said application his willingness to pay four per centum of the appraised value of such land as rental therefor, in case the land applied for in sections thirteen, sixteen or thirty-six and such rental as the Commissioners of the Land office may fix on any other of the public lands, and when the same has been reappraised in the

manner provided by law he will either pay the four per centum per annum rental or the amount of rental fixed by the Commissioners of the Land Office, or will vacate and surrender same to the state."

This for the reason that defendant testified that he made application. This is sufficient proof of that fact, in absence of testimony to the contrary, and that he complied with the statute. If plaintiff had any doubt upon the subject it was his duty, upon cross-examination, to show that defendant had not complied with the statute.

There is no merit in the contention that, as Comp. Laws 1909, sec. 7445 (Rev. Laws 1910, secs. 7186, 7187), provides:

"The Commissioners of the Land Office have the power and authority to hear and determine any protest or contest growing out of any lease or assignment and make such orders in relation thereto as the evidence and the law justify. The Commissioners of the Land Office may empower the Secretary of said commission to hear any matter presented to said board and' make such orders as may be justified from the facts and the law, but in all cases heard before the Secretary, the Commissioners may, upon their own motion, review and modify any orders made by the Secretary and any party interested in any hearing before the Secretary may appeal from any order of the Secretary to the Commissioners, and upon such appeal the said Commissioners shall review the order and act of the Secretary and make such finding and order as to them seem proper, and this decision shall be final on all questions of fact. * * * "

—defendant's remedy was by appeal. This for the reason that there was no protest or contest growing out of this lease, and hence no decision to be final on any question of fact so far as defendant was concerned. Besides, he swears, and there is nothing to the contrary, that he had no notice of any kind that this lease was intended to be, or was re-leased to plaintiff until this suit was brought.

We are therefore of opinion that the court erred in directing a verdict as he did.

The case is reversed and remanded, with directions to set aside the judgment and proceed in accordance with this opinion.

HAYES, C. J., and KANE and LOOFBOURROW, JJ., concur; WILLIAMS, J., absent, and not participating.