## SUTHERLAND v. TAINTOR.
## BARBY v. SAME.

No. 5271.   Opinion Filed March 28, 1916.

Rehearing Denied April 25, 1916.

(156 Pac. 1174.)

**PUBLIC LANDS—State Lands—Leases.** An appeal lies to the district court of the county in which the land involved is located, from a decision of the Commissioners of the Land Office awarding a grazing lease for the years 1912, 1913 and 1914, on certain "New College" lands, where two parties had applied for the same leases and had appeared before the commissioners, and after a hearing by the commissioners the decision and award appealed from had been made.

(Syllabus by Burford, C.)

*Error from District Court, Beaver County;*
*R. H. Loofbourrow, Judge.*

Appeal by Fred Taintor to the district court from the action of the Commissioners of the Land Office in awarding grazing leases to J. R. Sutherland and Alta Barby. Judgment in part for Taintor, and Sutherland and Barby bring error. Affirmed.

*Philip E. Winter,* for plaintiffs in error.

*Dale & Bierer* and *Dickson & Dickson,* for defendant in error.

Opinion by BURFORD, C.  The record in this case is incomplete in that the certified copy of the proceedings before the commissioners is omitted.  It is exceedingly doubtful if the plaintiffs in error are entitled to a review of the errors complained of upon the record presented. Waiving the sufficiency of the case-made, however, it appears from what is contained therein that defendant in error, Taintor, and plaintiffs in error, Sutherland and Barby, were each applicants for grazing leases for the years 1912, 1913, and 1914, upon certain of the public lands in Beaver county, Okla., commonly called "New College Lands."  Each claimed at some prior period to have been lessees of the land involved, or a part thereof, and each claimed what might be denominated a sort of equitable right to the leases based upon prior occupancy, improvements, and that respective claimants owned or leased lands adjacent to those sought to be acquired under the respective applications to the commissioners.  No question of any lawful "preference right" is here involved, as all parties had waived any claim of such right in the leases previously granted them.  There was a hearing upon the conflicting applications before the commissioners, and an award made from which Taintor appealed to the district court of Beaver county.  There the appellees demanded a jury trial, which was granted, a trial had, and a verdict rendered, awarding leases upon part of the lands claimed to each of the parties.  Motion for a new trial was filed and overruled, judgment rendered, and Sutherland and Barby appeal to this court.

The primary and controlling question raised is as to the right to appeal from the decision rendered by the commissioners.

Sections 7186 and 7187, Rev. Laws 1910, provide:

7186: "The Commissioners of the Land Office shall have the power and authority to hear and determine any protest or contest growing out of any lease or assignment, and make such orders in relation thereto as the evidence and the law justify. The Commissioners of the Land Office may empower the secretary of said commission to hear any matter presented to said board, and make such orders as may be justified from the facts and the law; but in all cases heard before the secretary, or other person in the employ of the department, authorized by the board, the commissioners may, upon their own motion, review, modify, or set aside any orders made by the secretary or other person so authorized by the board, and any party interested in any hearing before the secretary or other person aforesaid, may appeal from any order so made to the commissioners, and upon such appeal the commissioners shall review such order and act, and make such finding and order as to them seems proper. The Commissioners of the Land Office shall prescribe such rules and regulations and procedure as are necessary to carry into effect this section."

7187: "From all decisions of the Commissioners of the Land Office an appeal may be taken by any person affected thereby to the district court of the county where the land is situated. Said appeal shall be taken by the appellant serving written notice upon the secretary to the Commissioners of the Land Office, within fifteen days after the rendition of the decisions complained of and by executing bond with sureties in such sum as the secretary shall prescribe, not to exceed double the annual rental of the land affected by such appeal, and not less than fifteen dollars, to the effect that the appellant will pay all costs of such appeal, if the decision be adverse to him, and such

damages as the court may award. Upon the giving of such notice and bond, the secretary to the Commissioners of the Land Office shall forthwith transmit to the clerk of the district court certified copies of the original papers in the matter appealed from, together with a transcript of the record of the commissioners relating to such cause. The district court shall hear and try said cause *de novo,* and from the judgment of the district court either party may appeal to the Supreme Court, as provided by law in civil actions."

It is insisted by plaintiffs in error that the decision as to what party is entitled to a lease is an administrative one, and not reviewable by the courts, and is not a "protest or contest growing out of a lease or assignment." On the other hand, it is contended that section 7187 grants an appeal from "all decisions of the commissioners," and that this language is not modified by the terms of section 7186 above quoted, especially in view of the fact that the same action authorizes the commissioners to empower the secretary of the commissioners "to hear any matter presented to said board," and authorizes a review of his action by the whole board upon an appeal or upon the board's own motion.

Conceding, without in any way deciding, that the first sentence of section 7186 is a limitation upon the language of section 7187, we are still of the opinion that this controversy fairly comes within the designation "protest or contest growing out of any lease or assignment." Here are two men seeking a lease upon the same land. A contest most certainly arises. True, it grows out of a prospective lease, rather than a present one; but we believe that the Legislature did not intend to limit the power of the commissioners to hear only contests arising out of leases already

granted. If their authority is so limited, who is to determine to whom a lease will be given where there are several applications therefor pending? The commissioners are given the sole power to lease the public lands. Is their power so limited that they must grant leases without a hearing or a contest where there are several applications, and then after the lease is granted for the first time hear the protest or contest? We think not. If the commissioners have the power to hear and determine a contest of this nature, then certainly, under the terms of section 7187, *supra*, an appeal lies from their decision thereon. We therefore hold that the district court of Beaver county had jurisdiction to determine this appeal. So far as we have been able to ascertain from the record, counsel for plaintiffs in error went through the whole trial in the court below without a suggestion that the court had no jurisdiction, but as jurisdiction of the subject-matter cannot be waived, we have considered his objection here.

The conclusions here reached are not in conflict with *Welch v. Bohart,* 40 Okla. 439, 135 Pac. 1065. In the first place, although the reporter has cited section 7186 and section 7187, Rev. Laws 1910, in the official report, yet as a matter of fact the court was considering section 7445, Comp. Laws 1909, also cited by the reporter, which section is not by any means identical with sections 7186, 7187, Rev. Laws 1910, but is a part of an earlier act which was repealed by Session Laws of 1910, pp. 249, 250, which latter act as revised is embraced in sections 7186, 7187, Rev. Laws 1910, *supra*. Further, in the Welch-Bohart Case, the commissioners had, without the knowledge of a lessee having a preference right in good standing, awarded a lease to another party. As this court well

said, there was no contest and no decision so far as defendant there was concerned, because his rights had been taken away when he knew nothing about it and had no opportunity to contest.

Error is alleged upon the giving of certain instructions. We have carefully examined the record and find no exceptions taken in the trial court to the instructions, and no instructions offered by the plaintiffs in error. This court has iterated and reiterated that such exceptions cannot be taken for the first time here.

Complaint is also made of the admission of certain testimony, and that the verdict is not supported by the evidence. This is a case of first impression in this court. There were few, if any, landmarks to guide the trial court, and practically no issue to be tried or determined, except that, as the trial court well said, the jury "should carefully and impartially weigh and consider the evidence, facts, and circumstances in this case and then, without fear or favor, make your award in harmony and accord with what your own conscience shall dictate to be right and just as between the parties to these controversies." We have carefully examined the assignments in relation to the testimony, and find no error therein. There is ample testimony to support the verdict, and under the well-settled rule of this court it will not be disturbed. The argument of counsel for plaintiffs in error, frequently repeated in his brief, that defendant in error is a banker and lives in Kansas, obviously deserves no consideration by this court.

The judgment is affirmed.

By the Court: It is so ordered.